MARQUIS AURBACH COFFING
Jennifer L. Micheli
Nevada #11210
10001 Park Run Drive
Las Vegas, NV 89145
(702)-382-0711
(702)-382-5816 (facsimile)
jmicheli@maclaw.com

THOMPSON COBURN LLP
David B. Jinkins (*pro hac vice*)
Matthew A. Braunel (*pro hac vice*)
Michael L. Nepple (*pro hac vice*)
One US Bank Plaza
St. Louis, MO  63101-1693
(314)-552-6000
(314)-552-7000 (facsimile)
djinkins@thompsoncoburn.com
mbraunel@thompsoncoburn.com
mnepple@thompsoncoburn.com

*Attorneys For Westfield Outdoor, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IP POWER HOLDINGS LIMITED,<br><br>        Plaintiff,<br><br>vs.<br><br>WESTFIELD OUTDOOR, INC.,<br><br>        Defendant. | CASE NO. 2:19-cv-01878-MMD-NJK<br><br>**PARTIES' STIPULATED PROTECTIVE ORDER** |

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in the following designated ways:

1.      As used in the Protective Order, these terms have the following meanings:

(a)      "Attorneys" means counsel of record;

(b)      "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such

information that has not been published or otherwise made publicly available.

(c) "Confidential – Attorneys' Eyes Only" documents are the subset of Confidential Information designated pursuant to Paragraph 6;

(d) A "Document" is all materials falling within the scope of that term as defined by Fed. R. Civ. 34;

(e) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. All materials produced or adduced in the course of discovery, including responses to discovery requests, requests for admission, deposition testimony and exhibits, and information derived directly therefrom shall be subject to this Protective Order concerning Confidential Information as defined above. This Protective Order is subject to the Local Rules of this District and the Rules of Civil Procedure on matters of procedure and calculation of time periods.

3. By identifying a Document as "Confidential," or "Confidential – Attorneys' Eyes Only," a party may designate any Document that the party, in good faith, contends constitutes or contains trade secret or other Confidential Information.

4. All Documents, along with the Confidential Information contained in the Documents, shall be used solely for the purpose of this action, and no person receiving such Documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Documents to any person other than those specified in Paragraphs 5 and 6.

5. Access to any Documents containing Confidential Information shall be limited to:

(a) The Court and its personnel;

(b) Outside attorneys of record and their office associates, legal assistants, and stenographic and clerical employees;

(c) Persons shown on the face of the Document to have authored or received it;

(d) Court reporters retained to transcribe testimony;

(e) Outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are used by a party or its attorneys for document management, printing, electronic review, demonstrative and trial exhibit preparation; technical and/or expert services; and to give testimony at or for any hearing and/or trial in this action;

(f) Translators of foreign language documents retained to provide translations in connection with the prosecution or defense of this litigation, and provided that each such person executes a copy of the Written Assurance attached to this Order. Counsel disclosing Confidential Information to translators of foreign language documents pursuant to this section shall provide a copy of each executed Consent to opposing counsel; and

(g) In-house counsel and/or employees of the parties.

6. The parties shall have the right to further designate Documents or portions of Documents as "Confidential – Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in Paragraphs 5(a), (b), (c), (d), (e) and (f).

7. Third parties producing Documents in the course of this action may also designate Documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All Documents produced by such third parties, even if not designated by such third parties as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be treated by the parties to this action as "Confidential – Attorneys' Eyes Only" for a period of 14 days from the date of their production. During that 14 day period, any party may designate such Documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

8. Each person who is to receive Confidential Information, pursuant to Paragraphs 5(e) and 5(f), shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing

3

counsel shall be notified at least 7 calendar days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated Documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 7 calendar days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. All depositions or portions of depositions taken in this action that contain trade secret or other Confidential Information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 calendar days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" until 14 calendar days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

See order issued concurrently herewith

~~10. If a party intends to file a Document containing Confidential Information with the Court, this Protective Order grants leave to make such filing under seal in compliance with -5 and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential-Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.~~

11. Any party may request a change in the designation of any information designated

"Confidential" and/or "Confidential-Attorneys' Eyes Only." Any such Document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced Documents as "Confidential" and/or "Confidential-Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12.     Any party who inadvertently fails to identify Documents as "Confidential" or "Confidential-Attorneys' Eyes Only" shall have 14 calendar days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced Documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked Documents shall return such inadvertently produced Documents, including all copies, within 10 days of receiving such a written request and shall make reasonable efforts to retrieve Documents distributed to persons not entitled to receive Documents with the corrected designation  To the fullest extent possible, the parties incorporate the protections against inadvertent waiver of the attorney-client privilege and/or work product protections allowed under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, including Federal Rule of Evidence 502, and interpreting case law.

13.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all Documents designated by the opposing party as "Confidential" and/or "Confidential – Attorneys' Eyes Only," and all copies of such Documents, and shall destroy all extracts and/or data taken from such Documents, to the extent commercially practical. Each party shall provide a certification in writing to the

disclosing party as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all Documents filed with the Court and all correspondence generated in connection with the action, including one copy of Documents designated as "Confidential" and/or "Confidential-Attorneys' Eyes Only."

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

**SO STIPULATED:**

DATED: **May 11, 2020**   By:   */s/ Matthew A. Braunel*
THOMPSON COBURN LLP
David B. Jinkins (*pro hac vice*)
Matthew A. Braunel (*pro hac vice*)
Michael L. Nepple (*pro hac vice*)
One US Bank Plaza
St. Louis, MO  63101-1693
(314)-552-6000
(314)-552-7000 (facsimile)
djinkins@thompsoncoburn.com
mbraunel@thompsoncoburn.com
mnepple@thompsoncoburn.com

IT IS SO ORDERED.
Dated:  May 12, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

MARQUIS AURBACH COFFING
Jennifer L. Micheli
Nevada #11210
10001 Park Run Drive
Las Vegas, NV 89145
(702)-382-0711
(702)-382-5816 (facsimile)
jmicheli@maclaw.com

6

1
2                                              *Attorneys For Westfield Outdoor, Inc.*

3
                                               /s/ Ryan W. Koppelman
4                                              ALSTON & BIRD LLP
                                               Ryan W. Koppelman (*pro hac vice*)
5                                              Email: ryan.koppelman@alston.com
                                               950 Page Mill Road
6                                              Palo Alto, CA 94304
                                               Telephone: (650) 838-2000
7                                              Facsimile: (650) 838-2001

8
                                               DICKINSON WRIGHT PPLC
9                                              Michael N. Feder, Nevada Bar No. 7332
                                               Email: mfeder@dickinson-wright.com
10                                             8363 West Sunset Road, Suite 200
                                               Las Vegas, Nevada 89113-2210
11                                             Telephone: (702) 550-4400
                                               Facsimile: (844) 670-6009
12
13                                             *Attorneys for Plaintiff IP Power Holdings Limited*

14
15
16
17                                             IT IS SO ORDERED:
18
19                                             _____
                                               UNITED STATES MAGISTRATE JUDGE
20
21                                             DATED: _____
22
23
24
25
26
27
28

7

# EXHIBIT 1- WRITTEN ASSURANCE

MARQUIS AURBACH COFFING
Jennifer L. Micheli
Nevada #11210
10001 Park Run Drive
Las Vegas, NV 89145
(702)-382-0711
(702)-382-5816 (facsimile)
jmicheli@maclaw.com

THOMPSON COBURN LLP
David B. Jinkins (*pro hac vice*)
Matthew A. Braunel (*pro hac vice*)
Michael L. Nepple (*pro hac vice*)
One US Bank Plaza
St. Louis, MO  63101-1693
(314)-552-6000
(314)-552-7000 (facsimile)
djinkins@thompsoncoburn.com
mbraunel@thompsoncoburn.com
mnepple@thompsoncoburn.com

*Attorneys For Westfield Outdoor, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IP POWER HOLDINGS LIMITED,<br><br>    Plaintiff,<br><br>  vs.<br><br>WESTFIELD OUTDOOR, INC.,<br><br>    Defendant. | CASE NO. 2:19-cv-01878-MMD-NJK<br><br>**PARTIES STIPULATED PROTECTIVE ORDER**<br>**EXHIBIT A: WRITTEN ASSURANCE** |

**EXHIBIT A**
**WRITTEN ASSURANCE**

I, _____ , declare that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. My present relationship to plaintiff(s)/defendant(s) is _____
_____.

1

4. I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order. I consent to the jurisdiction of this Court for all purposes related to this Written Assurance.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 20__, in the State of _____.

_____

_____

2