UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IP POWER HOLDINGS LIMITED,<br><br>                    Plaintiff,<br>v.<br><br>WESTFIELD OUTDOOR, INC.,<br><br>                    Defendant. | Case No. 2:19-cv-01878-MMD-NJK<br><br>ORDER |

**I.   SUMMARY**

Plaintiff IP Power Holdings Limited alleges that Defendant Westfield Outdoor, Inc. infringes Plaintiff's U.S. Patent No. 6,817,671 ("the '671 Patent"), entitled "Collapsible Reclining Chair," which covers a collapsible, reclining camp chair with a footrest and cupholders. (ECF Nos. 1, 1-1 ('671 Patent).) Before the Court is Defendant's motion to dismiss the willful infringement allegations in Plaintiff's Complaint (ECF No. 1 at 6, ¶ 17) under Federal Rule of Civil Procedure 12(b)(6) (the "Motion").[1] (ECF No. 23.) As further explained below, the Court will grant the Motion because it finds Plaintiff's willful infringement allegations lack plausible factual allegations.

**II.   BACKGROUND**

Defendant's Motion attacks only a single paragraph in Plaintiff's Complaint. (ECF No. 23 (moving to dismiss ECF No. 1 at 6, ¶ 17).) That paragraph is:

> In addition, it is believed that Westfield knew of the 671 Patent and/or licensed products before Westfield developed its Accused Instrumentalities and copied the patented features from the 671 Patent and/or licensed patented products into the Accused Instrumentalities. Furthermore, Westfield had actual or constructive knowledge of the 671 Patent and its

---

[1] The Court has also reviewed Plaintiff's response (ECF No. 26), and Defendant's reply (ECF No. 28).

> infringement prior to the filing of this Complaint. At least as of March 22, 2019, IP Power informed Westfield that Westfield's Reclining Camp Chair was covered by the 671 Patent. A copy of said communication is attached to this Complaint as Exhibit B. Lastly, it is believed that Westfield is a large enough company that it could have paid a license to Plaintiff but decided to continue infringing instead. Accordingly, Westfield has committed willful patent infringements of the 671 Patent and should be held liable for up to treble damages.

(ECF No. 1 at 6, ¶ 17.) In this paragraph, Plaintiff provides three reasons why Defendant should be held liable for willful infringement: (1) Defendant copied features covered by the '671 Patent and used them in its accused product (the "Copying Allegation); (2) Defendant knew about the '671 Patent because Plaintiff sent Defendant a letter accusing Defendant of infringing it (the "Letter Allegation"); and (3) Defendant could have paid for a license to the '671 Patent but decided to continue infringing instead (the "Ability to Pay Allegation"). (*Id.*) There are no allegations elsewhere in the Complaint that otherwise substantiate these three allegations. (*See generally id.*)

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled

to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

## IV. DISCUSSION

The Court first addresses the Letter Allegation, then addresses the Copying and Ability to Pay Allegations together, and then explains why it will grant Plaintiff leave to amend its willful infringement allegations.

### A. Letter Allegation

Defendant argues the Letter Allegation should be dismissed because it is implausible in light of the full prelitigation correspondence history between the parties— Plaintiff selectively highlighted only one letter it sent in the Letter Allegation. (ECF No. 23 at 4-5.) Defendant proffers the other prelitigation letters exchanged by the parties with its Motion. (ECF Nos. 23-2, 23-3, 23-4, 23-5, 23-6, 23-6, 23-7, 23-8, 23-9, 23-10.) Plaintiff counters that the Court should not consider the additional letters Defendant proffers to support this argument without converting the Motion into one for summary judgment (ECF No. 26 at 11), but goes on to argue that the full correspondence history between the parties, as characterized by Plaintiff, does not render the Letter Allegation insufficiently plausible (*id.* at 11-12). In gist, Defendant argues that it cannot be liable for willful infringement as Plaintiff alleges because it has continually responded to Plaintiff's letters alleging infringement explaining why Defendant believes it does not infringe the

3

1  '671 Patent. (ECF No. 23 at 4-5.) Plaintiff basically counters that Defendant's responses
2  are immaterial because it alleged infringement in a letter and Defendant continued to sell
3  the accused product—and thus Plaintiff's Letter Allegation is plausible. (ECF No. 26 at
4  11-12.) The Court agrees with Defendant.[2] The Court first addresses Plaintiff's
5  procedural argument, and then the parties' plausibility arguments.

6        Generally, a court may not consider any material beyond the pleadings in ruling
7  on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907-08
8  (9th Cir. 2003). But there are three exceptions to this rule: (1) a court may consider
9  documents "'properly submitted as part of the complaint' on a motion to dismiss[;]" (2) if
10 "documents are not physically attached to the complaint," incorporation by reference is
11 proper "'if the documents' authenticity . . . is not contested' and 'the plaintiff's complaint
12 necessarily relies' on them," *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)
13 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); and (3) "a court may
14 take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. S. Bay Beer*
15 *Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

16       The Court finds the second exception applies here—incorporation by reference.
17 The Ninth Circuit has extended the "'incorporation by reference' doctrine to situations in
18 which the plaintiff's claim depends on the contents of a document, the defendant
19 attaches the document to its motion to dismiss, and the parties do not dispute the
20 authenticity of the document, even though the plaintiff does not explicitly allege the
21 contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th
22 Cir. 2005) (citation omitted).[3] Here, Plaintiff's willful infringement claim depends on the
23 content of Defendant's proffered letters. Defendant's proffered letters consist of the other

---

[2]The Court does not reach Defendant's other argument—that the simple fact Defendant was aware of the '671 Patent cannot clearly demonstrate willfulness—because it finds the plausibility argument dispositive of the Letter Allegation for purposes of the Motion. (ECF No. 23 at 5.)

[3]Plaintiff actually relies on this case. (ECF No. 26 at 11.)

4

letters in the prelitigation correspondence between the parties beyond the one letter Plaintiff attached to its Complaint (ECF No. 1-2), and Plaintiff does not appear to contest the authenticity of Defendant's proffered letters (ECF No. 26). There is also no question that Plaintiff did not explicitly allege the content of Defendant's proffered letters in its Complaint. Plaintiff's Letter Allegation depends on the content of Defendant's proffered letters because the Letter Allegation appears intended to establish willful infringement through the notice provided by Plaintiff's initial letter, but Defendant's proffered letters cast doubt on the plausibility of that allegation—and, indeed, the veracity of the Letter Allegation. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (explaining as to a single document that the purpose of the incorporation by reference doctrine is to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims."). The Court will consider the contents of Defendant's proffered letters under the incorporation by reference doctrine in evaluating the plausibility of Plaintiff's Letter Allegation.

Moving to the substance of the parties' arguments, and as Defendant argues, the Letter Allegation makes it look like Plaintiff notified Defendant of alleged infringement, but Defendant ignored the letter and continued infringing, which, logically, could give rise to a claim for willful infringement. (ECF No. 23 at 5.) But, as Defendant also argues, when you include the other letters in the chain of correspondence beyond the one letter Plaintiff attached to its Complaint, the picture changes. (*Id.*) Defendant argues the full correspondence history shows Defendant has consistently maintained it does not infringe—so Defendant is not willfully infringing, but instead continuing to market a reclining camp chair while defending against meritless letters and now patent litigation from Plaintiff. (*Id.*)

The Court agrees with Defendant. The full correspondence history between the parties shows that Plaintiff's Letter Allegation is implausible, and must therefore be

dismissed. *See Iqbal*, 556 U.S. at 678 (holding that, to survive dismissal, a complaint must "state a claim to relief that is plausible on its face.") (internal citation omitted).  To start, as the Ninth Circuit explained throughout *Knievel*, context is important for understanding the meaning of written statements. *See generally* 393 F.3d 1068. Defendant's proffered letters add necessary context to the Letter Allegation. (ECF Nos. 23-2, 23-3, 23-4, 23-5, 23-6, 23-6, 23-7, 23-8, 23-9, 23-10.) Viewed in the context of these letters, the Letter Allegation is implausible. Defendant is not necessarily willfully infringing—it is equally as plausible it has investigated Plaintiff's allegations and has formed a good-faith belief it does not infringe. (ECF No. 28 at 4.) And as Defendant also argues (*see id.* at 3-4), "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed," *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), is a relevant factor weighing against a finding of willful infringement (*see id.* at 826-28). (*See also* ECF No. 26 at 6-7 (relying on *Read Corp.*, but not for this point).) Thus, Defendant's proffered letters make it implausible that Defendant is simply infringing despite notice of its infringement from Plaintiff, as the Letter Allegation implies.

In sum, the Letter Allegation is implausible in light of the context provided by Defendant's proffered letters. The Court will therefore grant the Motion as to the Letter Allegation.

### B.  Copying and Ability to Pay Allegations

Defendant's argument as to the Copying and Ability to Pay Allegations is simpler: they should be dismissed because they lack any supporting factual allegations, and are thus the sort of conclusory statements that must be dismissed under *Twombly/Iqbal*. (ECF Nos. 23 at 4, 28 at 2-3, 4.) Plaintiff counters that the Federal Circuit has recognized copying and having sufficient resources to pay a license as relevant bases to support  a willful infringement claim, argues that the Court must accept Plaintiff's allegations as true at this stage, and points to the Copying and Ability to Pay Allegations as sufficient in themselves. (ECF No. 26 at 7-9.) The Court again agrees with Defendant.

The Copying and Ability to Pay Allegations are precisely the sort of conclusory allegations that must be dismissed under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678-79 (explaining that conclusory statements are insufficient to survive a motion to dismiss). They both consist of statements that could be true, but are unaccompanied by any factual allegations—anywhere in the Complaint—that would make it plausible they were true. A case Plaintiff relies on to argue its allegations are sufficient actually nicely illustrates how Plaintiff's allegations are insufficient. (ECF No. 26 at 6-9 (citing *Universal Elecs. Inc. v. Roku, Inc.*, Case No. SACV181580JVSADSX, 2019 WL 1877616, at *14-*15 (C.D. Cal. Mar. 5, 2019).) In *Roku*, the Central District of California denied the defendant's motion to dismiss the plaintiff's willful infringement allegations because, in pertinent part, the operative complaint included allegations that the defendant copied the plaintiff's patented features by also alleging that the plaintiff provided the defendant with technical information and software developer kits that allowed the defendant to copy the patented technology, and then the defendant incorporated the patented technology into its products. *See* 2019 WL 1877616, at *14-*15. Those are the sort of allegations lacking here. Plaintiff's Complaint contains nothing more than a naked assertion that Defendant copied. (ECF No. 1 at 6, ¶ 17.) Similarly, as to the Ability to Pay Allegation, Plaintiff's Complaint lacks any factual allegations about Defendant's ability to pay—it contains only an assertion that Defendant could. (*Id.*)

The Copying and Ability to Pay Allegations are therefore insufficiently plead. Because they lack any supporting factual allegations, and, as described above, the Letter Allegation is implausible in light of the correspondence between the parties, the Court will grant the Motion and dismiss Plaintiff's willful infringement allegations (ECF No. 1 at 6, ¶ 17).

**C.  Leave to Amend**

Plaintiff asked for leave to amend if the Court decides—as it does—to dismiss Plaintiff's willful infringement allegations. (ECF No. 26 at 12.) The Court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Plaintiff argues the Court should grant leave to amend because this would be its first amendment, and Plaintiff has no bad faith or dilatory motive. (ECF No. 26 at 12.) Defendant counters amendment would be futile. (ECF No. 28 at 4-5.) The Court agrees with Plaintiff that leave to amend is appropriate, as amendment may not be futile. Plaintiff has not yet amended its Complaint, and the Court has not seen any evidence of bad faith or a dilatory motive in Plaintiff's request for leave to amend. Moreover, Plaintiff could plausibly add factual allegations supporting its currently naked assertions that Defendant copied features covered by the '671 Patent, and Defendant has sufficient means to pay for a license to the '671 Patent. Thus, the Court will grant Plaintiff leave to file an amended complaint within 30 days if Plaintiff chooses to do so.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 23) is granted. Plaintiff's willful infringement allegations (ECF No. 1 at 6, ¶ 17) are dismissed.

///
///
///
///
///

It is further ordered that Plaintiff is granted leave to amend its willful infringement allegations (ECF No. 1 at 6, ¶ 17). Any amended complaint must be filed within 30 days. The Court will dismiss the willful infringement allegations with prejudice if Plaintiff does not file an amended complaint within 30 days.

DATED THIS 4th day of June 2020.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE